JOSEPHINE LOWERY

v.

ROBERT NICCOLLS.

1. CONTRACTS—SPECIFIC PERFORMANCE.—In an executory contract for the sale of land where time is not regarded of the essence of the contract, a court of equity will decree a specific performance, where a tender is made within a reasonable time, although it may be subsequent to the day named.

2. TIME OF THE ESSENCE OF THE CONTRACT.—Where a contract for the sale of land provided that if the title to the land was not perfected within nine months, the vendee might perfect it at the expense of the vendor, or might reconvey the land and recover the consideration paid, time is of the essence of the contract, and a court of equi.y can not decree a specific performance.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding. Opinion filed October 24, 1882.

Messrs. ROWELL & HAMILTON, for appellant; that courts are powerless to disregard the terms of a contract plainly expressed, and can only enforce the same according to its terms, cited Peoria M. & F. Ins. Co. v. Whitehead, 25 Ill. 466; Cory v. Lehman, 79 Ill. 173; Stout v. Whitney, 12 Ill. 218; Kimball v. Custer, 73 Ill. 389; Merchants Ins. Co. v. Morrison, 62 Ill. 242.

Mr. JOHN E. POLLOCK, for appellee; that the finding of a court without a jury will not be disturbed where the evidence is conflicting, cited Weaver v. Crocker, 49 Ill. 461; Crabtree v. Fuquay, 49 Ill. 520; Bagley v. McClure, 46 Ill. 381; Thomas v. Rutlege, 67 Ill. 213; Demoss v. Hanneman, 46 Ill. 185; Smith v. Brown, 46 Ill. 186; Corrigan v. Hardy, 46 Ill. 502; Thompson v. Anthony, 48 Ill. 468; Nimmo v. Kuykendall, 85 Ill. 476.

It is sufficient if there has been no unreasonable delay in performing: Beck v. Simmons, 7 Ala. 71; Seton v. Slade, 7

Ves. 265; Colton v. Wilson, 3 P. Wm. 190; Pennell v. Mc-
Afferty, 84 Ill. 364.

It is sufficient if the title is acquired after the day named
and before the decree:  Sugden on Vendors, 365; Bank v.
Hagner, 1 Pet. 455; Davidson v. Moss, 5 How. (Miss.) 680.

HIGBEE, J.   This was a bill in chancery by appellee against
appellant to construe and enforce a written contract between
the parties.   An answer and cross-bill were filed by appel-
lant, and on a final hearing the court found in favor of appel-
lee, granted the relief asked for by the bill and dismissed the
cross-bill.

The facts as they appear by the pleadings and proofs in the
record are substantially as follows:   On January 3, 1879, on
receipt of one thousand dollars paid by appellant, appellee
executed and delivered a deed conveying to her a half section
of land in Kansas.   At the same time and as a part of the
same transaction the parties entered into the following con-
tract:

" This agreement witnesseth, that whereas, Robert Niccolls
has this second day of January, 1879, sold and conveyed to
Josephine Lowery the southwest quarter of section twenty-
seven and the northwest quarter of section thirty-four, town
twenty-four, and range five east, in Butler county, Kansas,
and there is a defect in the title thereof.   Now, said Niccolls,
in consideration of the premises, agrees to perfect said title
of record within nine months from this date, and as security
that he will do so, has deposited with Swan & Ellis collateral
security.   Now, if said Niccolls shall perfect title of record
within nine months from this date, said collateral shall be
given up to him; but in case he does not so perfect said title,
then said collateral shall be held for the benefit of Josephine
Lowery, and she shall be entitled to so much thereof as it
shall cost her to buy in any outstanding title or to perfect the
same herself, including any damages which she may sustain
by reason of the failure to perfect said title, or at her elec-
tion, she may reconvey said land to said Niccolls and recover

out of said collateral the purchase price and ten per cent. interest upon the same.

"(Signed),

"ROBERT NICCOLLS,

"JOSEPHINE LOWERY.

"Dated January 3, 1879."

At the time of the sale of the land appellee had a tax title and a mortgage on the same, and he at once commenced a suit in court in Kansas to perfect his tax title, which it seems was defective, and on the 31st day of December, 1879, the cause was disposed of by the court adversely to him. Having failed in this proceeding to perfect his title, he subsequently commenced a suit to foreclose his mortgage resulting in a decree of foreclosure in the court in Kansas on the 30th day of March, 1880. This decree directed a sale of the lands, which was made on the 11th day of May, 1880. This sale was reported to and approved by the court at its September term, 1880, and an order entered directing the sheriff who had made the sale to execute to appellee, the purchaser, a deed for the premises, which he did on the 20th day of October of the same year.

The foreclosure proceedings were based upon constructive notice, by publication, to the mortgagor, who was defendant in the suit.

On June 5, 1880, Mrs. Lowery notified appellee, that she had elected not to take the land, but in lieu of it, to receive from the proceeds of the collateral note in the hands of Swan & Ellis, the purchase money and interest, as provided by the contract; and at the same time tendered back to him the deed she had received from him, which had not been recorded, and a quitclaim deed duly executed and acknowledged from herself to appellee for the lands in controversy, which he refused to receive.

Appellee, after perfecting his title to the premises, commenced this suit March 10, 1881, and now claims that appellant is bound to keep the land and that he is entitled to receive his collateral note back from Swan & Ellis, and so the court decreed.

Lowery v. Niccolls.

In an executory contract for the sale of land, when the purchase money is to be paid on a day specified, and the deed to be delivered upon the payment of the money, the time of performance is not ordinarily regarded as of the essence of the contract in a court of equity, and a specific performance will be decreed when a tender is made within a reasonable time, although it may be subsequent to the day named. But it is well settled that the parties may, by their contract, make the time of performance of the essence of the contract, and such a contract is as binding upon a court of equity as upon a court of law.

Here the parties contracted, in effect, that if appellee failed to perfect the title within nine months, appellant might perfect it herself at the expense of appellee, or she might, at her election, reconvey the land to appellant and receive out of the collateral note in the hands of Swan & Ellis the purchase price and ten per cent. interest thereon.

To deprive her of this election upon the ground that the time of performance is not material in equity is to do violence to the terms of their contract.

Courts have no power to make contracts for parties, but it is their duty to construe them so as to give effect to the intentions of the parties.

The right of election reserved to Mrs. Lowery by this contract was an essential and material part of the contract, and the court has no more right to deprive her of it, than of any other right secured to her by it.

Nor do we find that she has waived her right to this election by any act of hers.

Three days before the nine months expired, within which appellee was to perfect his title, he was defeated in his suit for that purpose, and another suit commenced under which the title was not perfected until nearly a year more had elapsed.

Mrs. Lowery had bargained for the land for her son, who was about to sell a farm in this State and move west. Her son sold his farm in the fall, after the contract was made, and went west, and appellant at once notified Swan & Ellis, with

whom she made the contract for the purchase of the land, and who held the collateral note, that she had no use for the land and would not take it.

Again, in the spring, she told them the same thing, and on the 5th day of June, several months before appellee had perfected his title, she tendered the deed to him and notified him of her election not to keep the land. This was in strict compliance with her contract, and under her cross-bill the court should have enforced it according to its terms in her favor.

Decree reversed and cause remanded.

Reversed.